UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAMON VINCENT,

                Plaintiff,

v.

**Hon. Hugh B. Scott**

07CV632A

**Order**

C.O. M. HOUSE, et al.,

                Defendants.

Before the Court is plaintiff's motion to compel discovery and to have defendants admit facts (Docket No. 26,[1] motion of July 27, 2009). Initially, responses were due by August 7, 2009, any reply by August 14, 2009 (Docket No. 29), but later defendants were granted additional time to respond, until August 13, 2009, with any reply due by August 21, 2009 (Docket No. 30). Defendants, although they filed their response (Docket No. 31), were ordered to serve it upon plaintiff at his current facility, and was given until August 27, 2009, in order to do so, and, as a result, plaintiff's reply was then due by September 14, 2009 (Docket No. 33). Defendants so served their response on August 26, 2009 (see Docket No. 34, certificate of service). Given plaintiff's reply filed on August 28, 2009 (Docket No. 35), this Court then deemed the motion submitted as of August 28, 2009. Defendants sought to file a sur-reply (letter of Assistant Attorney General Delia Cadle to Chambers, Sept, 1, 2009), which is **denied** as unnecessary. Plaintiff separately wrote on August 28, 2009 (received Sept. 2, 2009), noting that he received

---

[1]In support of this motion, plaintiff submits his affidavit (with exhibits), Docket No 28, and memorandum of law, Docket No. 27, and his reply declaration, Docket No. 35. In opposition, defendants submitted their attorney's declaration, Docket No. 31.

defendants' initially served response on August 21, 2009, as well as the second delivery of that response with certificate of service to plaintiff at Green Haven Correctional Facility on August 28, 2009 (letter of plaintiff to Chambers, Aug. 28, 2009, at 1). He also noted there that, as of August 28, 2009, he had not received any discovery (id. at 2).

BACKGROUND

This is a pro se prisoner's civil rights action alleging violations of plaintiff's free speech rights, his right to access to the courts, and infliction of cruel and unusual punishment (see Docket No. 27, Pl. Memo. at 1).

On May 19, 2009, plaintiff filed his Request for Production of Documents and Request for Admissions on the six defendants, pursuant to Rule 36 (id.; Docket No. 28, Pl. Aff. ¶¶ 2-3, Exs. A, B). The Requests for Admissions sought to confirm the genuineness of certain grievance documents and a misbehavior report, but also asked to confirm the employment and family relationship of some of the defendants and confirm that plaintiff wrote the grievances at issue. Under Rule 34, defendants' responses to these demands were due thirty days after being served, see Fed. R. Civ. P. 34(b)(2)(A) (effective Dec. 1, 2007), or on or about June 18, 2009.

Plaintiff then documents the good faith efforts he undertook to obtain this discovery short of motion practice. On June 1, 2009, he served a letter requesting response to this discovery but defense counsel did not respond (id., Pl. Aff. ¶ 4, Ex. C), and made a similar request on June 23, 2009 (id. ¶ 5, Ex. D). Noting that defendants had not responded to plaintiff's discovery demands or requests for admission within 30 days or seek an adjournment or extension of that deadline or object to these demands (id. ¶ 6, Ex. E). Plaintiff alleges a pattern of stalling by defendants, pointing to a year long delay in answering the Complaint and plaintiff's seeking entry of default

2

judgment (id. ¶ 7, Ex. E). He contends that defendants waived any objections to these demands and objections based upon the burdensomeness of the requests lack merit (id. ¶¶ 8-9).

In response, defendants first note that plaintiff does not seek any sanctions (Docket No. 31, Defs. Atty. Decl. ¶ 1). In his reply, plaintiff believes that sanctions are warranted here (Docket No. 35, Pl. Reply at 1). Defense counsel claims that she did not forward these demands to her clients and now consents to extend plaintiff time to allow for this discovery to be completed (Docket No. 31, Defs. Atty. Decl. ¶ 2). Most of the documents sought will be produced by August 26, 2009 (id.). As for one document demand (paragraph 1(e)), of grievances filed against defendants where religious rights, access to the courts, sexual assault, retaliation for grievances files, defendants claim that records are not stored in such manner to identify these categories or by employee name. Defense counsel offers to treat this discovery demand as an Interrogatory and ask her clients whether they recall prior grievances or law suits against them in the categories sought by plaintiff and defense counsel will review defendants' personnel records to see if they contain information responsive to this inquiry (id. ¶ 3). Given that releases from each defendant will be required to search these records, defendants seek until September 11, 2009, to respond to this demand (id.). Defendants next dispute whether plaintiff's "Requests for Admissions" were not in fact proper "admissions" but are in fact more interrogatories, hence defendants ask that this Court allow them to respond "appropriately" to these Requests (id. ¶¶ 4-5). Defendants conclude that such a response may be served on plaintiff by August 26, 2009 (id. ¶ 6). In his letter of August 10, 2009, requesting a status conference and seeking entry of default judgment (see Docket Nos. 12 (plaintiff's request), 32 (Order denying entry of default)), plaintiff

notes that defendants did not serve any request for extension of time to respond to his discovery demands (plaintiff letter to Chambers, Aug. 10, 2009, at 1).

In his reply, plaintiff disputes that defendants' failure to turn over this discovery was due to inadvertence (Docket No. 35, Pl. Reply at 2). He argues that Department of Correctional Services retains files of grievances against officers for illegal conduct, citing departmental directives regarding misconduct files (id.). Plaintiff insists upon responses to his admissions that each "question" (as he terms it) could have been admitted or denied (id. at 3). Plaintiff concludes that defendants have waived all objections by not making a timely objection to his demands (id.). Finally, he argues that defendants intentionally sent his response to the wrong facility in order to delay disposition of this motion, defendants' response should be disregarded and his motion granted (id. at 4).

DISCUSSION

I.  Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification

4

that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Production under Rule 34 seeks from a party any discovery item that is "in the responding party's possession, custody, or control," Fed. R. Civ. P. 34(a)(1).

Under Rule 36, "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to" the facts, application of law to facts, or opinions about facts or law, and the genuineness of documents, Fed. R. Civ. P. 36(a)(1). Each matter that a party wants admitted "must be separately stated," id. R. 36(a)(2). The answering party not admitting the matter must "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it," id. R. 36(a)(4), or state the grounds for objection, id. R. 36(a)(5), and must do so within 30 days or a time stipulated by the parties or ordered by the Court, id. R. 36(a)(3). The function of Rule 36 is to define and limit the matters in controversy, to relieve parties of the cost of proving facts that will not be disputed at trial, 8A Federal Practice and Procedure, supra, § 2252, at 521-22, an Admission (unless withdrawn) goes beyond being mere evidence and is conclusive of the matter and avoids the need for proof at trial, id. § 2253, at 526. These Requests are closed-ended, to require the answering party to address the request as formulated by the requestor and not to formulate their own response, id. at 525. "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede its genuineness," id. at 524. A party desiring to learn what the facts actually are should use other discovery devices, id. at 524-25. Although both call for matters of fact, Interrogatories and Requests for Admissions are not

interchangeable procedures designed for the same purpose. Interrogatories are designed to elicit relevant information, while Requests for Admissions, as discussed above, are designed to eliminate issues for trial. People of State of Cal. v. The Steamship Jules Fribourg, 19 F.R.D. 432, 434-35 (N.D. Cal. 1955).

As for discovery sanctions, under Rule 37(a)(1) and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel. Under Rule 37(a)(5)(A), if the motion to compel is granted, the Court,

> "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

II. Application

A. Production

As noted by defendants, plaintiff objects to not having his discovery demands and requests for admissions answered and apparently has not sought discovery sanctions, although his later reply is to the contrary (see Docket No. 35, Pl. Reply at 1). Plaintiff essentially also wants defendants' response stricken for serving it upon him in another facility (id. at 4). The mistake in serving plaintiff with defendants' response in Great Meadow Correctional Facility rather than Green Haven Correctional Facility (where plaintiff resides) does not appear to be

6

intentional. The Court ordered defendants to serve plaintiff in his correct address (Docket No. 33). Defendants filed and purportedly served their response upon plaintiff initially on August 13, 2009 (Docket No. 31). The Order to re-serve was filed on August 24, 2009 (Docket No. 33), and defendants filed a new certificate of service (with plaintiff served at Green Haven) on August 26, 2009 (Docket No. 34), and plaintiff's subsequent correspondence acknowledges receipt of both sets of responses (see plaintiff letter to Chambers of Aug. 28, 2009). The thirteen-day delay incurred here, including a rescheduling the briefing of this motion (see Docket No. 33), was minimal and given plaintiff's quick reply, his motion was considered promptly with no prejudice arising therefrom. Therefore, the Court will **decline** plaintiff's request to disregard defendants' response.

Defendants propose to respond to plaintiff's discovery demands by September 11, 2009, and treat the Requests for Admissions as interrogatories. Plaintiff sought production just after thirty days expired from service of his demands, and the first of his follow up correspondence (as good faith effort to resolve the matter short of motion practice) occurred within this thirty-day period. Although defendants should have responded to plaintiff's demands and later correspondence or the parties should have worked out among themselves a schedule for production of this discovery, defendants' present offer to respond completely by September 11, 2009, or roughly thirty days from when they initially responded to obtain the necessary releases, should satisfy plaintiff's discovery needs. In order to be sure that defendants completely respond, responses to plaintiff's outstanding discovery shall be by **September 30, 2009**.

As for plaintiff's Requests for Admissions (see Docket No. 28, Ex. B), the first request properly seeks defendants to confirm the genuineness of documents (although not attached to the

7

motion, presumably documents in defendants' possession); defendants should respond to this as a Request for Admissions. The second part of the Requests (see id. Ex. B, at 2-4) are cast in the form of questions rather than statements that defendants can either admit or deny, hence defendants can properly respond to them as Interrogatories. These "Requests" do not seek to limit the facts so that defendants' response can eliminate the issue from dispute at trial, rather they seek answers to factual questions, like Interrogatories. Given that it appears plaintiff has not served Interrogatories, the sixteen "Requests" posed will not exceed Rule 33's limit on the number of Interrogatories, see Fed. R. Civ. P. 33(a)(1) (unless stipulated or ordered, a party may serve no more than 25 interrogatories including discrete subparts). Therefore, defendants shall respond to plaintiff's remaining "Requests for Admissions" but as Interrogatories.

Thus, plaintiff's motion to compel is **granted (as modified, as discussed above)**; defendants shall respond to plaintiff's outstanding discovery by **October 5, 2009**, **or the first business day after 30 days from entry of Order,** but treating plaintiff's Requests for Admissions and one of his document demands as Interrogatories.

B.     Sanctions

Although plaintiff did not request sanctions as part of the relief sought in this motion, plaintiff's reply stresses that sanctions are warranted for having to file his motion (Docket No. 35, Pl. Reply at 1). As for sanctions, under Rule 37(a)(5)(A), if a motion to compel is granted the Court "must, after giving an opportunity to be heard, require a party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," and the Court must not order such sanction if (among other reasons) the opponent's "nondisclosure

was substantially justified" or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A), (ii), (iii) (emphasis added).

Here, plaintiff had not asserted that he incurred any expenses in making this motion and had not sought sanctions as relief. He is proceeding pro se and thus has not incurred attorney's fees in making this motion. He has certified his efforts in writing to defense counsel in attempts to obtain this discovery short of filing the present motion. On the present record, the nondisclosure or delay in disclosure is not substantially justified. Defendants only argue law office failure for not responding to date. Defendants do not point to other circumstances that would make an award of sanctions unjust here. Although plaintiff's out of pocket expenses may be modest (probably merely duplication and mailing costs), they are recoverable as discovery sanction.

Therefore, plaintiff is to submit an affidavit of his expenses in filing this motion to compel only (and not other expenses incurred in this action), and file and serve that affidavit within fifteen (15) days of entry of this Order. Defendants may respond to this affidavit (including argue whether the delay disclosure was substantially justified or if other circumstances should preclude sanctions, cf. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii) (opportunity to be heard on sanction question before sanctions are imposed)) within thirty (30) days of entry of this Order.

CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 26) is **granted as discussed above**. His Requests for Admissions (see Docket No. 28, Pl. Aff., Ex. B) shall be treated as Interrogatories and defendants shall have until **October 5, 2009 (or the next business day after 30 days from entry of Order)**, in order to respond. Plaintiff has **fifteen (15) days of**

9

**entry of this Order** to file and serve his affidavit of his expenses in filing this motion to compel only; defendants may respond to this affidavit within **thirty (30) days of entry of this Order**.

So Ordered.

/s/ Hugh B. Scott<br>Honorable Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
September 4, 2009